DA 09-0059

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 385N

CITY OF GLENDIVE,

      Plaintiff and Appellee,

  v.

GLENN WENTWORTH,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
                   In and For the County of Dawson, Cause No. DC 08-22
                   Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Kelli S. Sather, Assistant Appellate
          Defender, Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
          Assistant Attorney General, Helena, Montana

          Scott Herring, Dawson County Attorney; Glendive, Montana

                      Submitted on Briefs:  August 26, 2009
                                Decided:  November 10, 2009

Filed:

             _____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Glenn Wentworth appeals from the judgment of the Seventh Judicial District Court, Dawson County, convicting him of the offense of disorderly conduct, a misdemeanor, in violation of § 45-8-101, MCA. We affirm.

¶3 On August 22, 2007, the State charged Wentworth with disorderly conduct for fighting with Duane Lorenz. After a conviction in Justice Court, a trial de novo was held in District Court. At trial, Lorenz testified that he and his girlfriend had been walking home from a nearby bar when Wentworth hit him in the head with a bottle and knocked him to the ground. Lorenz testified that Wentworth continued to kick and hit Lorenz until the police arrived and separated the two men. Wentworth did not testify at the trial. Wentworth, on appeal, claims that he is not guilty and relates a different story to this Court.

¶4 On appeal, Wentworth argues that he received ineffective assistance of counsel during trial because his attorney refused to allow him to testify. He further contends that the District Court "did nothing after being informed of such by Wentworth."

¶5 In response, the State points out that in the District Court, Wentworth's counsel stated that he had advised Wentworth not to testify, but did not forbid him from doing so. The State also notes that Wentworth waited until the sentencing hearing to make the claim that he

2

was prohibited from testifying on his own behalf.

¶6 Claims of ineffective assistance of counsel present mixed questions of law and fact that we review de novo. *State v. St. Germain*, 2007 MT 28, ¶ 14, 335 Mont. 17, 153 P.3d 591. To evaluate claims of ineffective assistance of counsel, this Court has adopted the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, 97 P.3d 1095. Under the *Strickland* test, the defendant must establish that 1) counsel's performance fell below an objective standard of reasonableness, and 2) a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Kougl*, ¶ 11. The defendant must satisfy both prongs of the test, and where the defendant makes an insufficient showing as to one prong of the test, it is unnecessary to address the other prong. *Whitlow v. State*, 2008 MT 140, ¶ 11, 343 Mont. 90, 183 P.3d 861.

¶7 A criminal defendant has a constitutional right to testify on his or her own behalf. *See e.g. Rock v. Arkansas*, 483 U.S. 44, 51-53, 107 S. Ct. 2704, 2709-10 (1987). However, in this case, Wentworth's unsubstantiated claim made at a sentencing hearing that his lawyer would not allow him to testify is insufficient to demonstrate ineffective assistance of counsel. *See e.g. Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991). "It just is too facile a tactic to be allowed to succeed." *Underwood*, 939 F.2d at 476. Some greater particularity is required. *Underwood*, 939 F.2d at 476.

¶8 Wentworth's assertions to the contrary on appeal, the record is not replete with instances where Wentworth wanted to tell the fact finder—the District Court—his side of the story. Until he was due to be sentenced, he gave no indication that he wished to testify in

3

spite of his counsel's advice that he not do so. Wentworth's unsubstantiated claim at sentencing that he wanted to testify but was not allowed to, without more, is insufficient to demonstrate that his counsel's performance fell below an objective standard of reasonableness.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. We have carefully reviewed the record and the law. We conclude that Wentworth has not established that his counsel was ineffective.

¶10    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER